UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANNE B. BYRD,<br><br>              Plaintiff,<br><br>  v.<br><br>MICHAEL J. ASTRUE,<br><br>              Defendant. | CASE NO. C11-0014-JCC<br><br>ORDER |

Having reviewed Plaintiff's Complaint (Dkt. No. 1-1), the report and recommendation of U.S. Magistrate Judge James P. Donohue (Dkt. No. 21), Plaintiff's objections (Dkt. No. 22), the Commissioner's Response (Dkt. No. 23), Plaintiff's Reply (Dkt. No. 24), and the remaining record, the Court modifies the report and recommendation for the reasons explained herein.

**I.  BACKGROUND**

Plaintiff's claims for disability insurance benefits and supplemental security income were denied at the initial level and on reconsideration. Following a hearing, an administrative law judge (ALJ) found Plaintiff not disabled and denied benefits. Plaintiff appealed that ruling to this Court, which remanded the matter to the ALJ for further proceedings. Upon rehearing, the ALJ again found Plaintiff not disabled, determining that "[t]he claimant is capable of making a vocational adjustment to work that exists in significant numbers in the national or regional economy." (Admin. R. at 531.) The Appeals Council declined to assume jurisdiction, and

Plaintiff again appealed to this Court.

In a report submitted on October 18, 2011, the Magistrate Judge recommended that the ALJ's decision be reversed and remanded for further administrative proceedings on two grounds. First, the Magistrate Judge concluded that the ALJ erred in evaluating the medical opinion evidence before him on rehearing. (Dkt. No. 21 at 8-9.) Second, the Magistrate Judge agreed with Plaintiff that remand requires a reevaluation of Plaintiff's residual functional capacity (step four of the sequential process for evaluating whether a claimant is disabled) and her ability to perform jobs available in significant numbers in the national economy (step five). (*Id.* at 11-12.) The Magistrate Judge concluded that job incidence data provided by a vocational expert as to three potential occupations—parking lot attendant, telephone quotation clerk, and charge account clerk—were ambiguous, and that if the disability analysis proceeds to step five on remand, the ALJ should reevaluate what jobs exist in the national economy that Plaintiff can perform. (*Id.* at 14.)

Nonetheless, the Magistrate Judge noted that Plaintiff did not dispute the vocational expert's testimony as to the incidence of a fourth potential job: final assembler. The expert had testified to the existence of 12,500 such jobs nationally and 110 locally. The Magistrate Judge rejected Plaintiff's argument that those numbers did not meet the requirement that the performable jobs exist "in significant numbers." (*Id.* at 14; *see* 42 U.S.C. § 423(d)(2)(A).) Citing Ninth Circuit authority, the Magistrate Judge concluded that 12,500 final assembler jobs nationwide is *per se* a "significant number" of jobs for the purpose of the step five analysis. (Dkt. No. 21 at 14.) Plaintiff objects to the Magistrate Judge's recommendation on this issue.

## II. DISCUSSION

The Court must make a de novo determination of those portions of a magistrate judge's report or recommendations to which a party objects. 28 U.S.C. § 636(b)(1).

The Social Security Act provides that an individual may be determined to be disabled if she is unable to perform not only her previous work but also "any other kind of substantial

gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A). Work "exists in the national economy" if it "exists in significant numbers either in the region where [the] individual lives or in several regions of the country." *Id.* The issue of whether jobs exist in significant numbers is a question of fact to be determined by the ALJ. *Martinez v. Heckler*, 807 F.2d 771, 775 (9th Cir. 1986). When vocational experts have testified to the existence of several job categories and more than a thousand jobs performable by the claimant in the region, reviewing courts have routinely found substantial evidence that the jobs exist in significant numbers. *DeLorme v. Sullivan*, 924 F.2d 841, 851 (9th Cir.1990); *see also Thomas v. Barnhart*, 278 F.3d 947, 960 (9th Cir. 2002) (1,300 jobs in Oregon and 622,000 jobs nationwide significant); *Moncada v. Chater*, 60 F.3d 521, 525 (9th Cir.1995) (2,300 jobs in San Diego County, 64,000 nationwide significant). Other courts have concluded that as few as 200 jobs at the state level and 10,000 nationally sufficed to constitute a significant number of jobs. *See Johnson v. Chater*, 108 F.3d 178, 180 n. 3 (8th Cir.1997). Ultimately, the inquiry turns on the facts of the case and depends on the quality of the evidence presented to the ALJ.

Here, Plaintiff objects to the Magistrate Judge's conclusion regarding the sufficiency of the jobs available to Plaintiff on the grounds that such a ruling is neither supported by Ninth Circuit authority nor warranted given the ALJ's findings. The Court sees merit in Plaintiff's objection. The Magistrate Judge acknowledged that the vocational expert had only testified to the existence of 110 final assembler jobs in Washington, noting that it is questionable whether such a number could be considered significant. (Dkt. No. 21 at 13.) Nonetheless, the Magistrate Judge concluded that "in light of the Ninth Circuit's holding that as few as 1,266 jobs constituted a 'significant number,' the Court must find that the 12,500 national final assembler jobs constitutes a 'significant number' for step five purposes." (*Id.* at 14, citing *Barker v. Sec'y of Health & Human Services*, 882 F.2d 1474 (9th Cir. 1989).) But the 1,266 jobs held to be sufficient in *Barker* were all in the local economy of the Los Angeles area and were not spread out across the entire country. 882 F.2d at 1476. Given that the number of final assembler jobs in Washington is

less than one-tenth the number of regional jobs deemed sufficient in *Barker*, that case does not constrain this Court to rule as a matter of law that the number of final assembler jobs is significant. Moreover, reviewing courts have rarely found as few as 12,500 jobs nationwide to be significant, and an ALJ could reasonably find that number to be insufficient.

The Court also agrees with Plaintiff that a legal ruling as to the sufficiency of the job incidence data prior to remand would improperly usurp the role of the ALJ. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1226 (9th Cir. 2009) (reviewing courts should avoid "*post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking"). Although the ALJ on rehearing found that Plaintiff was capable of adjusting to work that exists in significant numbers in the national or regional economy, he did not specifically find that 12,500 jobs nationally is a significant number. Furthermore, the ALJ's finding was based on all four job categories Plaintiff was deemed capable of performing, not on the final assembler job alone. Because remand is appropriate to determine what jobs exist that Plaintiff can perform in the regional and national economies, this Court declines to hold as a matter of law that 12,500 final assembler jobs nationally is a significant number.

## III. CONCLUSION

For the foregoing reasons, the Court adopts the portion of the report of the Magistrate Judge recommending that the case be reversed and remanded for further proceedings related to the medical opinion evidence. (Dkt. No. 21 at 7-10.) The Court also adopts the portion of the Magistrate Judge's report concluding that remand will require the ALJ to reevaluate the analysis at steps four and five (*id.* at 11-14), but the Court rejects the Magistrate Judge's recommendation that the Court rule as a matter of law that the existence of 12,500 jobs nationally constitutes a "significant number" of jobs for the purpose of the step five analysis.

Therefore, the final decision of the Commissioner is REVERSED, and this case is REMANDED to the Social Security Administration for further proceedings.

//

1     DATED this 12th day of January 2012.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 5